Filed 10/18/23  Liu v. Shapero CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SALLY LIU,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SARAH SHAPERO,<br><br>        Defendant and Respondent. | A165080<br><br>(City and County of San Francisco Super. Ct. No. CGC-19-576168) |

In this legal malpractice action, Sally Liu (Plaintiff)[1] appeals from the trial court's judgment following its order granting summary judgment to defendant Sarah Shapero (Attorney).  We affirm.

BACKGROUND

The following facts are undisputed.  In 2008, Plaintiff financed the purchase of a three-unit commercial real estate property with a ten year loan from East West Bank (the Bank).  The terms of the loan required Plaintiff to make monthly installment payments during the life of the loan, plus a balloon payment of more than $400,000 in February 2018.

---

[1] Plaintiff was represented by counsel in the trial court but appears in propria persona on appeal.

In January 2018, the Bank issued a notice of default claiming Plaintiff failed to make monthly installment payments due in December 2017 and January 2018. In February, Plaintiff failed to pay the balloon payment when it came due. In April, the Bank noticed a foreclosure sale for May 17.

On May 7—ten days before the scheduled foreclosure sale—Plaintiff retained Attorney.[2] On May 8, Attorney filed a lawsuit against the Bank for wrongful foreclosure. On May 14, Attorney filed an application for a temporary restraining order to enjoin the foreclosure sale. The Bank opposed the application and, on May 15, the trial court denied it, finding Plaintiff failed to meet her burden of proof and was in default.

Also on May 15, Plaintiff was conditionally preapproved for a loan of $650,000. At her deposition, Plaintiff testified she did not know whether the conditions for final approval of the loan were ever met.

On May 16, following negotiations with Attorney, the Bank offered a two-week postponement of the foreclosure sale in exchange for $23,000 and dismissal with prejudice of the wrongful foreclosure action. Plaintiff rejected the offer.

Instead, on May 16, Plaintiff filed a bankruptcy petition. On May 31, Plaintiff's bankruptcy filing was dismissed. The Bank scheduled a new foreclosure sale for June 18. On June 15, Plaintiff filed a second bankruptcy petition. On July 2, the second petition was dismissed. Attorney was aware of the bankruptcy filings, but did not advise Plaintiff on them.

On July 5, the property was sold at auction to a third party.

---

[2] The previous month, Plaintiff had retained different counsel in connection with the pending foreclosure. We omit background facts regarding this representation as not relevant to this appeal.

In December 2018, new counsel substituted in for Attorney in Plaintiff's wrongful foreclosure action against the Bank. Subsequently, the Bank's demurrer to the third amended complaint was sustained without leave to amend. Plaintiff did not appeal the demurrer order.

In May 2019, Plaintiff filed the underlying lawsuit against Attorney and others. The operative first amended complaint alleges claims against Attorney for professional negligence and breach of contract. The injury alleged is the loss of Plaintiff's properties at the foreclosure sale. Attorney moved for summary judgment on the ground that Plaintiff could not establish causation. In January 2022, the trial court granted Attorney's summary judgment motion. Judgment subsequently issued for Attorney.

## DISCUSSION

"[A] defendant moving for summary judgment 'bears the burden of persuasion that "one or more elements of" the "cause of action" in question "cannot be established" . . . . [Citation.]' [Citations.] Such a defendant also 'bears the initial burden of production to make a prima facie showing that no triable issue of material fact exists. Once the initial burden of production is met, the burden shifts to [plaintiff] to demonstrate the existence of a triable issue of material fact.' [Citation.] [¶] On appeal from the entry of summary judgment, '[w]e review the record and the determination of the trial court de novo.' [Citation.] 'While we must liberally construe plaintiff's showing and resolve any doubts about the propriety of a summary judgment in plaintiff's favor, plaintiff's evidence remains subject to careful scrutiny. [Citation.] We can find a triable issue of material fact "if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." ' " (*Janney v. CSAA Ins. Exchange* (2021) 70 Cal.App.5th 374, 389–390.)

3

"Furthermore, our review is governed by a fundamental principle of appellate procedure, namely, that ' "[a] judgment or order of the lower court is *presumed correct*," ' and thus, ' "error must be affirmatively shown." ' [Citation.] Under this principle, plaintiff bears the burden of establishing error on appeal, even though defendants had the burden of proving their right to summary judgment before the trial court. [Citation.] For this reason, our review is limited to contentions adequately raised and supported in plaintiff's brief." (*Arnold v. Dignity Health* (2020) 53 Cal.App.5th 412, 423.) " 'Any statement in a brief concerning matters in the appellate record— whether factual or procedural and no matter where in the brief the reference to the record occurs—*must be supported by a citation to the record*.' [Citation.] We have the discretion to disregard contentions unsupported by proper page cites to the record." (*Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 970.)

Causation is an element of both legal malpractice and breach of contract claims. (*Moua v. Pittullo, Howington, Barker, Abernathy, LLP* (2014) 228 Cal.App.4th 107, 112–113 (*Moua*); *Thompson Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 541.) " '[T]he question of proximate cause . . . becomes one of law where the facts are uncontroverted and only one deduction or inference may reasonably be drawn therefrom.' " (*Moua,* at p. 113.)

Attorney submitted evidence that the cause of the foreclosure was Plaintiff's undisputed failure to pay the balloon payment on her loan. Plaintiff does not argue the trial court erred in finding Attorney satisfied her initial burden of production. The question is whether the court erred in finding Plaintiff failed to meet her burden of demonstrating the existence of a

4

material disputed fact.  Plaintiff argues she demonstrated five such facts.  Attorney argues none create a disputed issue as to the element of causation.

As a threshold matter, the theory underlying all of Plaintiff's disputed facts is that, had the foreclosure sale been delayed, she could have avoided foreclosure.  Plaintiff asserts she would have been able to secure financing to pay the balloon payment, but cites no evidence to support this speculative assertion.  " ' "Speculation . . . is not evidence" that can be utilized in opposing a motion for summary judgment.' " (*Advent, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA* (2016) 6 Cal.App.5th 443, 459.)  Notably, the foreclosure sale was in fact delayed for well over a month, yet Plaintiff was unable to secure financing before the eventual sale.  Plaintiff also asserts a delay could have enabled her to sell one of the property units to pay off the balloon loan and keep the remainder of the property, but she cites no evidence such a sale could have been negotiated.  " [A]n issue of fact is not raised by "cryptic, broadly phrased, and conclusory assertions." ' " (*Moua, supra,* 228 Cal.App.4th at p. 116.)

Turning to Plaintiff's disputed issues of fact, Plaintiff first argues Attorney's wrongful foreclosure complaint included inapplicable causes of action.  But Plaintiff does not contend that the temporary restraining order would have been granted had Attorney alleged different causes of action, or cite evidence or authority supporting such a contention.  Significantly, Plaintiff's wrongful foreclosure action, pursued by subsequent counsel, was ultimately unsuccessful.

Second, Plaintiff argues Attorney failed to inform the court that Plaintiff had been preapproved for a loan.  Again, Plaintiff fails to cite evidence or authority that, had Attorney so informed the court, the temporary restraining order would have been granted.

5

Third, Plaintiff argues Attorney failed to refer Plaintiff to bankruptcy counsel. Plaintiff does not contend or cite supporting evidence that she was entitled to bankruptcy relief or could have prevented her bankruptcy petitions from being dismissed.

Fourth, Plaintiff argues Attorney "failed to use good quality copies of the cancelled checks and receipts" purportedly demonstrating Plaintiff had paid the December 2017 and January 2018 monthly payments. Plaintiff does not cite evidence that better quality copies of these documents existed or were provided to Attorney.

Finally, Plaintiff argues Attorney failed to assist Plaintiff with finding an appraiser so the preapproved loan could be fully approved. Plaintiff cites no evidence that Attorney's assistance would have resulted in the new loan being fully approved before the foreclosure sale.

In sum, Plaintiff fails to demonstrate the trial court's summary judgment order was in error.[3]

## DISPOSITION

The judgment is affirmed. Attorney shall recover her costs on appeal.

---

[3] We need not and do not decide whether Plaintiff's opening brief violates the California Rules of Court, whether Attorney's evidentiary objections are meritorious, or whether issue preclusion bars Plaintiff's claims. Plaintiff raises arguments regarding her unsuccessful peremptory challenge to the bench officer deciding the summary judgment motion. "[A] writ of mandate under Code of Civil Procedure section 170.3[, subdivision] (d) . . . prescribes the exclusive means of appellate review of an unsuccessful peremptory challenge." (*People v. Hull* (1991) 1 Cal.4th 266, 268.) We therefore do not consider Plaintiff's arguments on this issue.

6

                                                      SIMONS, ACTING P. J.

WE CONCUR:

BURNS, J.
CHOU, J.


*Liu v. Shapero* (A165080)